George GOODEN, Jr., Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–912.

United States Court of Veterans Appeals.

Sept. 6, 1991.

Before FARLEY, Associate Judge.

ORDER

Appellant appeals from a May 8, 1990, Board of Veterans' Appeals' (Board or BVA) decision which affirmed both the denial by the Regional Office (RO) of increased rating for burn scars of the left leg with repeated ulceration currently rated at 10 percent and the denial for an increased rating for third degree burn scars exceeding 6 square inches currently rated at 10 percent. On May 13, 1991, appellant filed his brief and on June 17, 1991, the Secretary filed a motion for summary affirmance and moved for acceptance of the motion in lieu of a brief. Upon request from the Court by telephone, the Secretary provided the Court with the original photographs of the burn area taken during a Department of Veterans Affairs (VA) examination.

With respect to the claim for a higher rating for burn scars with repeated ulceration, upon consideration of the briefs and the pleadings of the parties and the record, it is the holding of this Court that the veteran has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed. Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

However, with respect to the determination that the veteran was not entitled to a higher rating for third degree burn scars, a remand rather than affirmance is warranted. The relevant criteria set for rating third degree burn scars are set forth at 38 C.F.R. § 4.118, Diagnostic Code 7801 (1990): for scar areas exceeding one-half square foot (0.05 square cm.) a thirty percent rating is warranted; for scar areas exceeding twelve square inches (77.4 square cm.) a twenty percent rating is warranted; and, for scar areas exceeding 6 square inches (38.7 square cm.) a 10 percent rating is warranted.

The Board's decision that the veteran was only entitled to a rating of 10 percent was premised upon a single VA examina-

tion on March 1, 1989. R. at 22–26. In the record of the examination, three sentences are crucial:

> There is a 50 square cm. well-healed skin graft of the posterior left leg. The exact limits of [the] size of the graft are difficult to determine, but [patient] states it went all the way around the leg. If this is so, the size is approximately 256 square cm.

R. at 24. If the first sentence controls and the affected area is 50 square cm., the veteran is entitled only to the 10 percent rating which he received. If the third sentence controls and the affected area is 256 square cm. or 40.96 square inches, the veteran is entitled to a thirty percent rating. The Board chose to rely upon the first decision in rendering its decision: "Although the veteran has reported that the burn scars and skin grafting extend all around the left leg, the size of the affected area is not shown to be more than 12 square inches." *George Gooden, Jr.*, BVA No. (unknown) (May 8, 1990).

In choosing the first sentence, the Board rejected the statement of the only person who was present—the veteran—without providing any "reasons or bases" as required by 38 U.S.C. § 7104(d)(1) (formerly § 4004). "In view of the mandate of § 4004(d)(1) [now § 7104] that the BVA articulate with reasonable clarity its 'reasons or bases' for decision, and in order to facilitate effective judicial review, the Board must identify those findings it deems crucial to its decisions and account for the evidence which it finds to be persuasive or unpersuasive." *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). Therefore it is

ORDERED the Secretary's motion for summary affirmance is granted in part and the Board's decision is affirmed in part as to the denial of an increased rating for repeated ulceration; it is further

ORDERED that the Secretary's motion for summary affirmance is denied in part and the Board's decision is vacated in part as to the issue of a higher rating for a third degree burn scar. The issue of increased rating for third degree burn scars is re-

manded pursuant to 38 U.S.C. § 7261 (formerly § 4061) for further proceedings consistent with this order; it is further

ORDERED that the Secretary's motion for acceptance of the motion in lieu of a brief is granted.